UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:97-CR-174 |
| | § | |
| BAKARI ABDUL BROWN | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision," filed March 9, 2007, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on July 24, 1998, before The Honorable Howell Cobb of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class B felony.  This offense carried a statutory maximum imprisonment term of 40 years imprisonment.  The guideline

imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months.  Defendant was subsequently sentenced to 135 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include defendant shall not commit any offenses against a foreign state or nation; financial disclosure; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On February 18, 2005, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas.

On December 5, 2005, defendant's conditions of supervision were modified to include  180 days placement in a community corrections center.  On July 27, 2006, the original term of supervised release was revoked, and defendant was sentenced to 9 months imprisonment to be followed by 48 months supervised release.

## III.  The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on March 9, 2007.  The petition alleges that defendant violated the following conditions of release:

Mandatory Condition:           Defendant shall refrain from any unlawful use

|                       |                                                                                                                                                                                                                                                 |
|-----------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                       | of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Mandatory Condition:  | Defendant shall not commit another federal, state, or local crime.                                                                                                                                                              |

As grounds, the petition alleges that defendant was arrested on March 1, 2007, for possession of a controlled substance. Further, defendant submitted urine specimens on February 1 and February 15, 2007, which tested positive for cocaine.

### IV.  Proceedings

On March 13, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by submitting urine specimens testing positive for cocaine.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose nine (9) months imprisonment, with no further term of supervised release

thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting urine specimens testing positive for cocaine.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.  Defendant has been revoked from a previous term of supervised release and ordered to serve 9 months imprisonment, so the new statutory maximum term of imprisonment is 27 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by submitting urine specimens testing positive for cocaine, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B)

extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by by submitting urine specimens testing positive for cocaine. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by submitting urine specimens testing positive for cocaine. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by submitting urine specimens testing positive for cocaine, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of nine (9) months, with no further term of supervised release to follow.

4. The court should recommend that defendant serve his term of imprisonment in a facility in Beaumont, Texas, or close to Beaumont, Texas.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __16__ day of March, 2007.

_____
Earl S. Hines
United States Magistrate Judge